Trustees *v.* Wilkinson.

THE TRUSTEES OF THE UNION METHODIST EPISCOPAL
CHURCH OF SOUTH CAMDEN et al.

*v.*

FREDERICK R. WILKINSON, executor, et al.

A bill was filed to obtain the construction of a will, and the answer attacked the will because it had not been executed according to law, and because the testatrix did not possess testamentary capacity, and because the will had been obtained by fraud. At the hearing it was adjudged that this court had no jurisdiction to try the validity of the will. The will had been admitted to probate nine years, and its genuineness recognized and sworn to by the executor, who was the devisee, and under whose will the answering defendant claims the property as devisee.—*Held*, that a feigned issue to try its validity would not be ordered upon the application of the answering defendant.

Bill for construction of will &c. On motion for feigned issue.

*Mr. J. J. Crandall,* for the motion.

*Mr. J. E. Hays, contra.*

THE CHANCELLOR.

The answering defendant, Thomas G. Folwell, moves for a feigned issue to try the validity of the codicil to the will of Mrs.

NOTE.—The conclusion of the surrogate or ordinary as to the validity of a will only applies to *personalty* bequeathed by the will; and does not estop its being questioned in courts of law afterward, *Bogardus* v. *Clarke, 1 Edw. Ch. 266* ; *Den* v. *Ayres, 1 Gr. 153* ; *Snedeker* v. *Allen, Pen. \*42* ; *Bray* v. *Neill, 6 C. E. Gr. 343* ; *Allaire* v. *Allaire, 8 Vr. 312* ; *Foster* v. *Joice, 3 Wash. C. C. 500* ; *Harrison* v. *Rowan, Id. 580* ; *Turner* v. *Hand, 3 Wall. Jr. 88* ; see *Tucker* v. *Whitehead, 58 Miss. 762* ; *Robinson* v. *Allen, 11 Gratt. 785.*

The probate of a will of real estate is now, by statute, conclusive evidence of its formal execution, after seven years, *P. L. of 1872 p. 35* ; *1878 p. 129* ; *Rev. p. 1250 ¿ 38* ; see *Parker* v. *Brown, 6 Gratt. 554.*

A court of chancery has no jurisdiction to set aside a will for fraud, inca-

Trustees *v.* Wilkinson.

Mary Ann Folwell, deceased. This suit was brought for a construction of the codicil and the enforcement of the charge thereby created. The answer attacks the codicil, on the ground that it was not executed according to law ; that the testatrix had not testamentary capacity, and that the execution of the instrument was obtained by fraud. On the hearing, it was adjudged that this court has no jurisdiction to try the validity of the codicil. The testatrix was the stepmother of the answering defendant, and by her will she left the property on which the charge is to her husband, his father. By the codicil she made the charge. The will and codicil were both offered for probate by her husband, the devisee, who was the executor, and they were proved August 19th, 1873. No attempt to impeach the codicil has ever been made since then, a period of over nine years, except in this suit. The answering defendant claims the property under his father's will. His father not only offered the codicil for probate, but swore that he believed the will and codicil were the true will and codicil of the testatrix. He not only never questioned the validity of the codicil, but affirmed it by seeking and obtaining its admission to probate. He was bound by the charge and his devisee of the property is bound by it also. The motion will be denied, with costs.

pacity &c., after such will has been probated, *2 Pom. Eq. Jur.* §§ *913, 914; Rogers* v. *Rogers, 3 Wend. 503 ; Colton* v. *Ross, 2 Paige 396 ; Mitchell* v. *Holder, 3 Bush 362 ; Harrison* v. *Guion, 4 Lea 531; Chambers* v. *Watson (Iowa), 13 Rep. 73; Pierce* v. *Prescott, 128 Mass. 140 ; Ballou* v. *Hudson, 13 Gratt. 672 ; State* v. *McGlynn, 20 Cal. 233;* but see *Whitfield* v. *Hurst, 3 Ired. Eq. 242, 9 Ired. 170 ; State* v. *Allen, 2 Tenn. Ch. 42 ; Smith* v. *Harrison, 2 Heisk. 230 ; Holden's Case, 37 Wis. 98 ;* except in the case of a foreign will, *Sneed* v. *Ewing, 5 J. J. Marsh. 460 ;* see *Parker* v. *Parker, 11 Cush. 519 ; Allaire* v. *Allaire, 8 Vr. 312.*—REP.